IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| CYNTHIA G. GERIDEAU, | ) | C/A No.: 5:13-cv-01847-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# ORDER

The plaintiff, Cynthia G. Gerideau ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Defendant"), denying Plaintiff's claims for Disability Insurance Benefits pursuant to the Social Security Act. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West, Doc. #24, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. In the Report, the Magistrate Judge recommends that the Court affirm the Commissioner's decision. The Defendant filed objections to the Report on January 1, 2015. Doc. #26. Plaintiff filed a reply in support of the Report on January 20, 2015. Doc. #29. The matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the

1

> final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> <u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections. In the objections, the Plaintiff argues that the ALJ failed to discuss how Plaintiff's impairments and impairment symptoms might operate together, in combination, to affect her disability determination. After careful review of the Report, objections, and the record, the Court finds that substantial evidence supports the ALJ's decision. Specifically, in determining that the Plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment, the ALJ discussed each impairment individually and then devoted a lengthy paragraph to examining the impairments in combination. Doc. #13-3 at 12-13, Tr. 56-57. Furthermore, throughout the remainder of her decision, the ALJ's cites the record extensively and discusses the reports of the numerous doctors who treated the Plaintiff. In concluding her discussion, the ALJ stated in summary:

> "Significantly, given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review in this case reveals no restrictions recommended by the treating physician other than a post-surgical restriction against lifting heavy objects in July 2009, which is not inconsistent with the residual functional capacity described above…. Although the evidence of record reveals that the claimant suffers from multiple medical problems, she has received treatment, which has generally been found to be effective in controlling or reducing the severity of her symptoms."

Doc. #13-3 at 21, Tr. 65. This Court notes the Plaintiff has had a number of significant medical problems, which the ALJ states "more than minimally impact the claimant's ability to perform work-related activities." However, the Court finds the ALJ's discussion and analysis sufficient to demonstrate that she considered Plaintiff's impairments in combination, as required by Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989), to which the ALJ cites in her analysis.

Based on this review, and after careful consideration of the record, the Court finds that the decision of the Administrative Law Judge to deny benefits was supported by substantial evidence. It is hereby **ORDERED** that the Report, Doc. #24, is **ACCEPTED**, and that the Plaintiff's objections, Doc. #26, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Terry L. Wooten
Chief United States District Judge

March 30, 2015
Columbia, South Carolina